UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE MARTIN,<br><br>    Plaintiff,<br><br>   v.<br><br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 04-2704 SC<br><br>ORDER GRANTING<br>PETITION FOR<br>ATTORNEYS' FEES |

**I.    INTRODUCTION**

Petitioner, Plaintiff's Attorney Frederick J. Daley, Jr., moves this Court for an attorney fee award pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1)(A).

**II.   BACKGROUND**

Petitioner represented Plaintiff in the judicial review of the Commissioner of Social Security's denial of benefits. Plaintiff prevailed upon remand and was awarded benefits of $85,141.00.  The Commissioner also withheld approximately 25% of the award, or $21,111.50 for the direct payment of an attorney's fee.  Petitioner submitted his fee contract with Plaintiff, which confirmed the 25% contingency fee.  See Petitioner's Reply, Ex. A. Petitioner has already received $5,800.00 in compensation for his work under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412, for 43.9 hours of billable work.  See Petition for Attorney Fee, ¶ 3.  Thus, Petitioner seeks the remainder of the contingency fee, a net payment of $15,311.50.  See Petitioner's Reply, ¶ 1.

### III. LEGAL STANDARD

Under 42 U.S.C. § 406(b), the Court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits."  The Court has a duty to ensure that the contingency fee is reasonable.  See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  The Supreme Court held:

> § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Gisbrecht, 535 U.S. at 807 (internal citations omitted).

### IV. DISCUSSION

Petitioner requests $21,111.50 in total fees for 43.9 hours of billable work.  See Petition for Attorney Fee, ¶ 2, Ex. C.  This amounts to approximately $480 per hour for the attorney and paralegal time on the case.  See id., Ex. C.  Petitioner provided information indicating that the award's de facto hourly rate is comparable to the hourly rates charged by partners at the largest law firms in Chicago.  See Petitioner's Reply, Ex. C and D.

A District Court in the Ninth Circuit recently performed a detailed analysis of 43 post-Gisbrecht cases in which courts have reviewed contingency fee awards in Social Security cases.  See

2

Ellick v. Barnhart, 445 F.Supp.2d 1166 (C.D. Cal. 2006). The court noted that awards had been approved ranging from 1.01 to 6.55 times counsel's normal hourly rate and ended up awarding the plaintiff 2.5 times the hourly rate of $220. Id. at 1173. At that multiplier, Ellick awarded counsel a de facto hourly rate of $550. In this case, the $21,111.50 would give Petitioner an award 3.3 times his hourly rate, for a de facto hourly rate of $502 for attorney time, less than the award in Ellick. In light of relevant precedent, this Court finds that Petitioner's award is reasonable and should be awarded in full.

## V.  CONCLUSION

Petitioner's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby GRANTED. Petitioner is hereby AWARDED the full fee of $21,111.50, which results in a net payment of $15,311.50 after a deduction for the EAJA fee already paid.

IT IS SO ORDERED.

Date:  December 11, 2006

_____
UNITED STATES DISTRICT JUDGE

3